**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| CRESCENT COMMUNITIES, LLC, | ) | |
| | ) | CIVIL ACTION NO.: 3:19-cv-487 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| LEVEL OFFICE MANAGEMENT, LLC, | ) | |
| d/b/a NOVEL COWORKING, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Crescent Communities, LLC, for its First Amended Complaint ("Complaint") against Level Office Management, LLC d/b/a Novel Coworking ("Defendant"), states as follows:

## SUBSTANCE OF THE ACTION

1.      Plaintiff's Complaint filed September 27, 2019 (the "Original Filing") has been amended to reflect that the entity identified as the Plaintiff in the Original Filing has been succeeded in interest by the Plaintiff identified in this First Amended Complaint, namely, Crescent Communities, LLC, a Delaware limited liability company ("Crescent Communities"). The Plaintiff identified in this First Amended Complaint is the proper party to bring this suit.

2.      This is a civil action under the Lanham Act for federal trademark infringement and federal false designation of origin and unfair competition; violation of North Carolina's trademark infringement and unfair and deceptive trade practices laws; and in violation of North Carolina's common law governing trademark infringement, arising out of Defendant's misappropriation and infringement of Crescent Communities' NOVEL service mark.

3.     Crescent Communities is the successor in interest to and owner of all right, title, and interest in the following United States federal service mark registrations for NOVEL, as well as all common law rights in the mark (collectively, the "NOVEL® Mark"):

| Mark | App. No./Reg. No. | Full Goods/Services |
|------|-------------------|---------------------|
| NOVEL | RN: 5588220<br>SN: 87978508 | (Int'l Class: 37)<br>Real estate management services; leasing of real estate; sale of real estate, namely, real estate acquisition of undeveloped land |
| NOVEL | RN: 5698307<br>SN: 87559991 | (Int'l Class: 37)<br>Multi-use and residential real estate development services |

4.     The service mark application for NOVEL (Registration No. 5,588,220) was filed on August 8, 2017 in Class 37 and was registered on October 16, 2018. A second service mark application for NOVEL (Registration No. 5,698,307) was filed on August 8, 2017 in Class 37 and was registered on March 12, 2019.

5.     Since August 2017, Crescent Communities and its predecessors-in-interest (collectively, hereinafter "Crescent Communities") have extensively and continuously used the NOVEL® Mark to identify the real estate management, real estate leasing, and real estate development services it offers throughout the United States, including, but not limited to, services for co-working space, collaborative office space, and mixed-use space.

6.     A year after Crescent Communities acquired prior protectable common law, and now federal, rights in its NOVEL® Mark, Defendant adopted and began making unauthorized use of a nearly identical mark in commerce, namely, NOVEL COWORKING.

7.     Defendant continues to make unauthorized use of the nearly identical business name "Novel Coworking" and the mark NOVEL COWORKING (the "NOVEL COWORKING

Mark") in U.S. commerce and in connection with real estate management, real estate leasing, and real estate development services causing damage to Crescent Communities and causing consumer confusion as to the source of the services offered under the NOVEL COWORKING Mark by creating a likelihood of association between Defendant and Crescent Communities when no relationship between them exists.

8. This Complaint asserts claims for federal trademark infringement in violation of Section 32 of the Trademark Act of 1946, 15 U.S.C. § 1114 (Count One); federal unfair competition and false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a) (Count Two); trademark infringement in violation of North Carolina's Trademark Registration Act, N.C. Gen. Stat. § 80-1, *et seq.* (Count Three), unfair competition in violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 (Count Four), and common law trademark infringement arising out of Defendant's misappropriation and infringement of Crescent Communities' trademarks (Count Five). Crescent Communities brings this action to obtain preliminary and permanent injunctive relief to stop Defendant's ongoing and unauthorized illegal trademark use, infringement, unfair competition, and deceptive trade practices with respect to Crescent Communities' NOVEL® Mark, and recompense for damages sustained by Crescent Communities as a result of Defendant's unlawful actions, plus attorney's fees, costs, and other relief.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Crescent Communities, LLC is a Delaware limited liability company with a headquarters and principal place of business located at 227 W Trade Street, Suite 1000, Charlotte, North Carolina 28202.

10.     Defendant Level Office Management, LLC d/b/a Novel Coworking is an Illinois limited liability company with a principal place of business at 73 W Monroe Street, Suite 507, Chicago, Illinois 60606.

11.     Defendant may be served through its registered agent Registered Agent Solutions, Inc., 901 S. 2nd Street, Suite 201, Springfield, Illinois 62704.

12.     This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims presenting federal questions of law under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts). This Court also has supplemental jurisdiction over the North Carolina statutory trademark infringement and unfair competition and deceptive trade practices claims under 28 U.S.C. §§ 1338(b) and 1367(a) because these claims are so related to the claims under which the Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

13.     This Court has personal jurisdiction over Defendant because the Defendant regularly conducts and solicits business within North Carolina and in the Western District of North Carolina (the "District"); Defendant, directly and/or through intermediaries, offers, sells, and/or advertises its real estate management, real estate leasing, and real estate development services to consumers in North Carolina and in this District; and Defendant committed acts of infringement and unfair competition in North Carolina and in this District.

14.     Defendant operates "Novel Coworking Uptown," which is located at 227 W. 4th Street, Charlotte, North Carolina 28202. Defendant offers, sells, and advertises its real estate management, real estate leasing, and real estate development to consumers located in and near Charlotte, North Carolina through the aforementioned Novel Coworking business. Further,

Defendant commits acts of infringement and unfair competition by utilizing and operating under the infringing trademark NOVEL COWORKING in and around Charlotte, North Carolina.

15.     Venue is proper in this District under 28 U.S.C. § 1391 (b)(1), (b)(2) and (c)(2) because this Court has personal jurisdiction over Defendant in this District, and a substantial part of the events or acts giving rise to the claims occurred in this District in that Defendant has transacted and is transacting business in this District and has committed and is committing acts of trademark infringement and unfair competition in this District.

## FACTS COMMON TO ALL COUNTS

### Crescent Communities and Its Business

16.     Crescent Communities is a nationally recognized, market-leading real estate investor, developer, and operator of multifamily, commercial, and mixed-use communities.

17.     Since the company was founded in 1963, Crescent Communities' development portfolio has included more than 60 single family master-planned communities, 55 multifamily communities, and 20 million square feet of commercial space. Its developments include and promote co-working space, collaborative office space, and mixed-use space.

18.     Crescent Communities finances, plans, develops, and maintains properties under various brands, including, without limitation, NOVEL®.

### The NOVEL® Mark

19.     Since at least as early as August 2017, Crescent Communities has used the NOVEL® Mark in interstate commerce for real estate management services; leasing of real estate; sale of real estate, namely, real estate acquisition of undeveloped land and multi-use and residential real estate development services.

20. Crescent Communities has continuously and extensively used the NOVEL® Mark in U.S. commerce in the ordinary course of trade, including in connection with services for co-working space, collaborative office space, and mixed-use space as shown on **Exhibit A**, attached hereto.

21. All of Crescent Communities' NOVEL real estate developments provide co-working space as a feature of the developments which is actively promoted to prospective tenants. *See* **Exhibit A**.

22. Crescent Communities also owns nationwide common law rights in the NOVEL® Mark, including without limitation in the State of North Carolina, based on the continuous and extensive use of the NOVEL® Mark by Crescent Communities in U.S. commerce to promote Crescent Communities' real estate management, real estate leasing, and real estate development services, including, but not limited to, its services for co-working space, collaborative office space, and mixed-use space.

23. Pursuant to 15 U.S.C. § 1057(c), in addition to its common law rights and priority, Crescent Communities' nationwide constructive rights in the NOVEL® Mark date back to August 8, 2017 when Crescent Communities filed its U.S. trademark applications for NOVEL® (Registration Nos. 5,588,220 and 5,698,307).

24. Crescent Communities is the owner of all right, title, and interest in and to the NOVEL® Mark.

25. Current examples of Crescent Communities' use of the NOVEL® Mark are attached to this Complaint as **Exhibits A and B**.

26.     Crescent Communities' registrations for the NOVEL® Mark on the Principal Register provide constructive notice to Defendant and others of Crescent Communities' claim of ownership thereof pursuant to 15 U.S.C. §1072.

27.     The federal registrations for the NOVEL® Mark (Registration Nos. 5,588,220 and 5,698,307) are valid, in force and effect, and constitute *prima facie* evidence of Crescent Communities' exclusive ownership of and right to use the NOVEL® Mark on and in connection with the marketing and rendering of the services specified in the registration certificates, pursuant to 15 U.S.C. § 1057(b).

28.     The NOVEL® Mark has been backed by major advertising and promotional efforts in the United States, including press releases, samples of which are attached to this Complaint as part of **Exhibit B**.

29.     Crescent Communities has invested a substantial amount of time, money, and other resources in promoting the NOVEL® Mark in the United States.

30.     Crescent Communities has continuously and extensively advertised and promoted its real estate management, real estate leasing, and real estate development services under the NOVEL® Mark in a large number of online, print, social media, and other communications media throughout the United States, including in this District.  A list of Crescent Communities' markets is included in **Exhibit B**.

31.     The public and trade have come to rely on Crescent Communities' NOVEL® Mark to distinguish Crescent Communities' services from those of others.

32.     The NOVEL® Mark represents a valuable asset owned by Crescent Communities.

**Defendant's Operations and Unlawful Activities**

33.      Defendant is a real estate company focused on developing, managing, and renting co-working and office space.

34.      Defendant advertises, markets, and sells its real estate development, management, and rental services to individuals and companies in 34 locations in 26 U.S. cities across the country, including multiple cities in which Crescent Communities already uses the NOVEL® Mark.

35.      Defendant did not begin using the NOVEL COWORKING Mark for real estate management, real estate leasing, and/or real estate development services until one year after Crescent Communities first commenced nationwide and continuous use in commerce of NOVEL and applied to federally register the NOVEL® Mark for real estate management, real estate leasing, and real estate development services.

36.      Crescent Communities is thus the prior user, prior owner, and prior federal applicant and registrant of the NOVEL® Mark as against the junior subsequent date of Defendant's unauthorized adoption and use of the NOVEL COWORKING Mark.

37.      Crescent Communities has priority of rights to use and to enforce the NOVEL® Mark as against the Defendant's unauthorized use of the NOVEL COWORKING Mark.

38.      Despite Crescent Communities' prior use, ownership, and trademark rights in the NOVEL® Mark, Defendant filed an application with the USPTO to federally register the infringing mark NOVEL COWORKING (Serial No. 87650174) for "[r]ental of offices for co-working; rental of office space" in Class 36 and "[p]rovision of facilities for meetings, conference, seminars and exhibitions" in Class 43. True and correct pages from the official website of the United States Patent and Trademark Office ("USPTO") showing the current

ownership and status of the registration for the NOVEL COWORKING Mark are attached to this Complaint as **Exhibit C**.

39. On August 9, 2018, Defendant began using, and has continued to use, the "Novel Coworking" business name and NOVEL COWORKING Mark to advertise, promote, offer for sale, and sell its real estate management, real estate leasing, and real estate development services in U.S. commerce. Examples of Defendant's unauthorized use of the NOVEL® Mark are attached to this Complaint as **Exhibit D**.

40. Defendant's services identified in its federal trademark application for NOVEL COWORKING (Serial No. 87650174) and as actually advertised, promoted, offered for sale, and sold in U.S. commerce under the NOVEL COWORKING Mark are closely related to the services advertised, promoted, offered for sale, and sold in U.S. commerce by Crescent Communities under the NOVEL® Mark. *See* **Exhibits A, B, and D**.

41. Upon information and belief, the services offered by Defendant under the NOVEL COWORKING Mark are offered to the same customers and within the same trade channels as the services Crescent Communities offers under the NOVEL® Mark.

42. Defendant promotes its closely related services through the same nationwide advertising media as Crescent Communities, including internet websites, social media, and online news articles, and in the same local geographic regions as Crescent Communities, including this District, Washington, D.C., and cities in Florida, Georgia, Texas, Arizona, and Colorado.

43. The NOVEL COWORKING Mark is confusingly similar to Crescent Communities' NOVEL® Mark in its visual, aural, and conceptual elements. The NOVEL COWORKING Mark uses the NOVEL Mark in its entirety, adding only the generic and non-

distinguishing term "coworking." In commerce, Defendant further emphasizes the confusing similarity between the marks by using "Novel" in a considerably larger font size than the word "Coworking," as shown below:



44.     The similarity between the NOVEL COWORKING Mark and the NOVEL® Mark is confirmed by the fact that during the prosecution of the NOVEL COWORKING Mark with the USPTO, Defendant agreed to disclaim the descriptive word "Coworking" acknowledging that the word "Novel" is the primary, dominant, and only protectable portion of the NOVEL COWORKING Mark.

45.     Upon information and belief, Defendant intentionally, willfully, and knowingly adopted the NOVEL COWORKING Mark, which is confusingly similar to the NOVEL® Mark, with actual knowledge of and with blatant disregard for Crescent Communities' trademark rights.

46.     For each of the above reasons, Defendant's advertising and sale of its real estate leasing, management, and development services, in U.S. commerce and under the NOVEL COWORKING Mark, is likely to cause confusion, or to cause mistake, or to deceive and mislead the public as to the source, origin, sponsorship, or approval of Defendant's services and suggest that Defendant has an affiliation with, sponsorship with, or approval by Crescent Communities, which Defendant does not have.

47.     Prior to filing this Complaint, because of the likelihood of confusion caused by Defendant's unauthorized use of the NOVEL COWORKING Mark, Crescent Communities sent Defendant a cease and desist letter notifying Defendant of Crescent Communities' prior rights as

well as Crescent Communities' significant concern regarding the likelihood of confusion that would result from Defendant's use of the NOVEL COWORKING Mark and demanding Defendant stop all use of the NOVEL COWORKING Mark.

48.     Despite this notification, Defendant has nevertheless persisted in and expanded upon its unauthorized use of the "Novel Coworking" name and the NOVEL COWORKING Mark. Based on Defendant's refusal to acknowledge its infringement of the NOVEL® Mark and Defendant's continued and expanding use of the infringing NOVEL COWORKING Mark as shown in **Exhibit D**, Crescent Communities has been and will continue to be damaged by Defendant's misuse and infringement of the NOVEL® Mark.

49.     Upon information and belief, Defendant has collected in excess of $1 million in revenues from services it has sold utilizing the infringing NOVEL COWORKING MARK.

## COUNT ONE

### Infringement of a Federally Registered Service Mark
### 15 U.S.C. § 1114(1)(a)

50.     All previous paragraphs are incorporated as though fully set forth herein.

51.     Crescent Communities is the owner of all rights and title to, and has valid and protectable prior rights in, the NOVEL® Mark.

52.     Since August 2017, Crescent Communities has continuously and extensively used the NOVEL® Mark in nationwide interstate commerce for its real estate management, real estate leasing, and real estate development services.

53.     With priority dating back to the filing of its federal registrations in August 2017, and following issuance of its federal registration, Crescent Communities owns federal trademark rights in the NOVEL® Mark for real estate management, real estate leasing, real estate development, and related services.

54. A year after Crescent Communities' established rights in the NOVEL® Mark, Defendant adopted and began using the nearly identical mark NOVEL COWORKING, in U.S. commerce, for its real estate management, real estate leasing, and real estate development services.

55. Defendant had constructive and actual knowledge of Crescent Communities' ownership of and prior rights in the federally registered NOVEL® Mark prior to Defendant's junior and subsequent infringing use of the NOVEL COWORKING Mark.

56. Defendant adopted and continues to use the nearly identical, and thus confusingly similar, "Novel Coworking" name and the NOVEL COWORKING Mark in commerce within the United States in connection with real estate management, real estate leasing, and real estate development services with full and actual knowledge of Crescent Communities' prior rights in the NOVEL® Mark for related real estate management, real estate leasing, and real estate development services.

57. Defendant utilizes its nearly identical mark in connection with services that are closely related to those offered by Crescent Communities under the NOVEL® Mark, namely, real estate management, leasing, and development services.

58. Defendant offers its real estate management, real estate leasing, and real estate development services, under the NOVEL COWORKING Mark, nationwide as well as in the same geographic regions as Crescent Communities, and, upon information and belief, within the same trade channels and to the same consumers as Crescent Communities.

59. Moreover, Defendant advertises and promotes its real estate management, real estate leasing, and real estate development services, under the NOVEL COWORKING Mark,

through the same advertising methods as Crescent Communities, including through internet websites, social media, and online news articles.

60.     Defendant's adoption, marketing, promotion, offering for sale, and rendering of real estate management, real estate leasing, and real estate development services under the NOVEL COWORKING Mark, which is confusingly similar to Crescent Communities' federally registered NOVEL® Mark, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are provided by Crescent Communities or are associate or connected with Crescent Communities, or have the sponsorship, endorsement, or approval of Crescent Communities.

61.     Thus, Defendant's adoption, marketing, promotion, offering for sale, and rendering of real estate management, real estate leasing, and real estate development services under the NOVEL COWORKING Mark, which is confusingly similar to Crescent Communities' federally registered NOVEL® Mark, constitutes an infringement of Crescent Communities' NOVEL® Mark in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

62.     As a result of Defendant's wrongful conduct, Crescent Communities has suffered and will continue to suffer damages, as well as the loss of control over the goodwill and reputation established in its federally registered NOVEL® Mark.

63.     Crescent Communities is entitled to recover from Defendant all damages Crescent Communities has sustained and may later sustain due to Defendant's improper conduct, and Defendant's profits from its improper conduct, in an amount to be proven at trial, but not less than $1 million, and to be enhanced up to three times as the Court finds just, pursuant to 15 U.S.C. § 1117.

64. Crescent Communities is also entitled to injunctive relief pursuant to 15 U.S.C. §1116(a). Unless Defendant's unlawful conduct is enjoined, Crescent Communities has no adequate remedy at law for Defendant's wrongful conduct, because among other things, (a) Crescent Communities' NOVEL® Mark are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Crescent Communities such that Crescent Communities could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing real estate management, real estate leasing, real estate development, and related services, and (d) Defendant's wrongful conduct, and the resulting damage to Crescent Communities, is continuing and ongoing, since Defendant is currently, and expansively, offering its real estate management, leasing, and development services under the NOVEL COWORKING Mark.

65. Defendant's actions have been willful and deliberate within the meaning of the Lanham Act and amount to exceptional circumstances justifying an award of attorney fees to Crescent Communities pursuant to 15 U.S.C. § 1117.

<u>**COUNT TWO**</u>

**Federal Unfair Competition
and False Designation of Origin
15 U.S.C. § 1125(a)**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Crescent Communities incorporates herein and realleges previous paragraphs1 to 63 of its Complaint.

68. Crescent Communities is the owner of all right and title to, and has valid and protectable prior rights in, the NOVEL® Mark.

14

69.     The Defendant's infringing services under the NOVEL COWORKING Mark are of the same or similar nature and have similar purpose as those rendered by Crescent Communities under its NOVEL® Mark.

70.     Defendant's actions described above, and specifically, without limitation, Defendant's use in U.S. commerce of the confusingly similar NOVEL COWORKING Mark in connection with the marketing, promotion, offering for sale, and sale of real estate management, leasing, and development services constitute unfair competition and false designations of origin and false descriptions or representations.  Such conduct (1) wrongfully trades on Crescent Communities' hard-earned goodwill in its NOVEL® Mark and the reputation established by Crescent Communities in connection with its services, (2) passes off Defendant's real estate management, leasing, and development services in commerce as those of Crescent Communities, and (3) limits Crescent Communities' ability to interact with consumers and gain revenue through the rendering of services using the NOVEL® Mark.

71.     As a result of Defendant's unlawful use in commerce of the NOVEL COWORKING Mark, which is nearly identical and, thus, confusingly similar to the NOVEL® Mark, consumers are likely to be misled, deceived, and confused as to the origin, sponsorship, or affiliation of Defendant's real estate management, leasing, and development services.

72.     Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive Crescent Communities of the ability to control the consumer perception of its services rendered under its NOVEL® Mark, placing the valuable reputation and goodwill of Crescent Communities in the hands of Defendant.

73.     Defendant's conduct in adopting and using the NOVEL COWORKING Mark is likely to cause confusion, mistake, or deception among the consuming public as to the affiliation,

connection, and association of Defendant and its services with Crescent Communities, and as to the sponsorship, origin, or approval of Defendant and its services by Crescent Communities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

74.     As an actual and proximate result of Defendant's conduct, Crescent Communities has suffered damages, as well as the continuing loss of the goodwill and reputation established by Crescent Communities in its NOVEL® Mark, in an amount to be determined at trial.

75.     Crescent Communities is entitled to recover from Defendant all actual damages that Crescent Communities has sustained and may later sustain due to Defendant's improper conduct and Defendant's profits from its improper conduct, in an amount to be proven at trial, but not less than $1 million, and to be enhanced up to three times as the Court finds just, pursuant to 15 U.S.C. § 1117.

76.     Unless permanently enjoined, Crescent Communities will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.  Crescent Communities has no adequate remedy at law because, among other things, (a) Crescent Communities' NOVEL® Mark are unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Crescent Communities such that Crescent Communities could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing real estate management, real estate leasing, real estate development, and related services, and (d) Defendant's wrongful conduct, and the resulting damage to Crescent Communities, is continuing and ongoing, since Defendant is currently, and expansively, offering its real estate management, leasing, and development services under the NOVEL COWORKING Mark.

77. Defendant's actions have been knowing, willful, and deliberate and constitute an exceptional case, justifying an award of attorney fees to Crescent Communities pursuant to 15 U.S.C. § 1117.

## COUNT THREE

### Violation of North Carolina's Trademark Registration Act
### N.C. Gen. Stat. § 80-1, *et seq.*

78. All previous paragraphs are incorporated as though fully set forth herein.

79. By reason of the foregoing wrongful conduct, Defendant has knowingly engaged in unlawful acts relating to Defendant's unauthorized adoption and use in U.S. commerce of the confusingly similar NOVEL COWORKING Mark in connection with the sale, offering for sale, and advertising of  real estate management, leasing, and development services, which have caused, and which will continue to cause, a likelihood of confusion or mistake or to deceive consumers as to the source and sponsorship of Defendant's services in violation of N.C. Gen. Stat. § 80-1, *et seq.*

80. Defendant's conduct constitutes trademark infringement of Crescent Communities' NOVEL® Mark in violation of N.C. Gen. Stat. § 80-11.

81. Defendant intentionally, willfully, and knowingly adopted the NOVEL COWORKING Mark, which is confusingly similar to the NOVEL® Mark, continued to do so despite knowledge of Crescent Communities' trademark rights, and did so with blatant disregard for Crescent Communities' trademark rights in an effort to piggy-back off Crescent Communities' goodwill.

82. As a result of Defendant's actions, Crescent Communities is entitled to injunctive relief and to recover its actual damages and Defendant's profits, in an amount to be proven at

trial, but not less than $1 million, treble damages and profits, costs, and reasonable attorney fees under N.C. Gen. Stat. § 80-12.

## **COUNT FOUR**

**Violation of North Carolina's Unfair and Deceptive Trade Practices Act**
**N.C. Gen. Stat. § 75-1.1**

83.     All previous paragraphs are incorporated as though fully set forth herein.

84.     By reason of the foregoing wrongful conduct, Defendant has engaged in unlawful acts relating to its unauthorized adoption and use in commerce in the United States of the nearly identical and confusingly similar NOVEL COWORKING Mark in connection with the marketing, promotion, offering for sale, and sale of real estate management, leasing, and development services which have caused, and which will continue to cause, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services in violation of N.C. Gen. Stat. § 75-1.1.

85.     By reason of the foregoing wrongful conduct, Defendant has engaged in acts relating to its unauthorized adoption and use of the confusingly similar NOVEL COWORKING Mark in the marketing, promotion, offering for sale, and sale of real estate management, leasing, and development services which have caused and which will continue to cause a likelihood of confusion or misunderstanding as to the affiliation, connection, or association with Crescent Communities in violation of N.C. Gen. Stat. § 75-1.1.

86.     Defendant's conduct constitutes unfair and deceptive trade practices in violation of North Carolina law, including the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1.

87.     As an actual and proximate result of Defendant's conduct, Crescent Communities has suffered damages, as well as the continuing loss of the goodwill and reputation established by Crescent Communities in its NOVEL® Mark, in an amount to be determined at trial.

88.     Defendant's actions complained of herein have caused and, unless preliminarily and permanently enjoined by the Court under N.C. Gen. Stat. § 75-1.1, will continue to cause irreparable harm to Crescent Communities and to its products and services including those offered for sale and sold under the NOVEL® Mark. Crescent Communities has no adequate remedy at law because, among other things, (a) Crescent Communities' NOVEL® Mark is unique and valuable property which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Crescent Communities such that Crescent Communities could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing real estate management, real estate leasing, real estate development, and related services, and (d) Defendant's wrongful conduct, and the resulting damage to Crescent Communities, is continuing and ongoing, since Defendant is currently, and expansively, offering its real estate management, leasing, and development services under the NOVEL COWORKING Mark.

89.     In addition to injunctive relief, its actual damages, and Defendant's profits, in an amount to be proven at trial, but not less than $1 million, Crescent Communities is also entitled to all other remedies provided under N.C. Gen. Stat. § 75-1.1, including its attorney fees and trebling of actual damages under N.C. Gen. §§ 75-16 and 75-16.1.

## COUNT FIVE

### Trademark Infringement Under North Carolina Common Law

90.     All previous paragraphs are incorporated as though fully set forth herein.

91.     Defendant has, without authorization from Crescent Communities, traded on and continues to trade on the goodwill associated with Crescent Communities' NOVEL® Mark and has misled consumers into assuming that there is an association between the infringing real estate management, leasing, and development services offered by Defendant and Crescent Communities, by using the nearly identical NOVEL COWORKING Mark.

92.     Defendant's actions as alleged in this Complaint are likely to cause confusion, mistake, and deception to consumers as to the affiliation, connection, or association of Defendant with Crescent Communities.

93.     Through Defendant's unauthorized use of the NOVEL COWORKING Mark, Defendant is directly infringing on Crescent Communities' rights in the NOVEL® Mark in violation of North Carolina common law, to the damage of Crescent Communities and the unjust enrichment of Defendant.

94.     Defendant's conduct is willful and intentional. Defendant knew of Crescent Communities' ownership and prior use of and established rights in the NOVEL® Mark.

95.     As a result of Defendant's unauthorized use of the NOVEL® Mark, Crescent Communities' ability to interact with consumers and gain revenue through the sale of services using the NOVEL® Mark is limited.

96.     As a result of Defendant's unauthorized use of the NOVEL COWORKING Mark, Crescent Communities has suffered and will continue to suffer damages, as well as the loss of control over the goodwill and reputation established in its federally registered NOVEL® Mark.

97.     Defendant's actions complained of herein have caused and, unless preliminarily and permanently enjoined by the Court, will continue to cause irreparable harm to Crescent Communities and to its services including those offered for sale and sold under the NOVEL® Mark. Crescent Communities has no adequate remedy at law because, among other things, (a) Crescent Communities' NOVEL® Mark is unique and valuable property which has no readily determinable market value; (b) Defendant's infringement constitutes harm to Crescent Communities such that Crescent Communities could not be made whole by any monetary award, (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing real estate management, real estate leasing, real estate development, and related services, and (d) Defendant's wrongful conduct, and the resulting damage to Crescent Communities, is continuing and ongoing, since Defendant is currently, and expansively, offering its real estate management, leasing, and development services under the NOVEL COWORKING Mark.

98.     In addition to injunctive relief, Crescent Communities is also entitled to recover its actual damages and Defendant's profits, in an amount to be proven at trial, but not less than $1 million, and attorneys' fees and costs incurred in connection with Defendant's trademark infringement.

99.     Defendant's conduct alleged in this Complaint has been willful, malicious, and wanton, and Crescent Communities is entitled to an award of punitive damages under North Carolina law, N.C. Gen. § 1D-1, *et seq.*, in an amount sufficient to punish Defendant and deter such misconduct in the future.

## DEMAND FOR JURY TRIAL

100.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Crescent Communities demands a trial by jury on all claims and issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Crescent Communities prays for:

1.    A judgment in favor of Crescent Communities on all counts of the Complaint;

2.    An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and its parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the NOVEL® Mark or using any other mark similar to or likely to cause confusion with the NOVEL® Mark; from passing off Defendant's services as being associated with and or sponsored or affiliated with Crescent Communities; from committing any other unfair business practices tarnishing the NOVEL® Mark or injuring the goodwill associated therewith; from using or registering any name with any secretary of state that incorporates the word "Novel;" and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business associated with Crescent Communities' NOVEL® Mark;

3.    An order granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services marketed, advertised, promoted, sold, distributed, licensed, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or associated, affiliated, or otherwise connected with Crescent Communities or constitute or are connected with Crescent Communities' goods and services;

4. An order directing Defendant to immediately cease all marketing, advertising, promotion, sale, offer for sale and/or use of any and all catalogs, advertisements, signs, displays, web sites, social media accounts, telephone directories, and other materials that feature or bear any designation or mark incorporating the NOVEL® Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the NOVEL® Mark, and to direct all partners, vendors, and other individuals and establishments wherever located in the United States that advertise, promote, sell, or offer for sale Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, advertisements, signs, displays, and other materials featuring or bearing the NOVEL® Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the NOVEL® Mark, including, but not limited to, the NOVEL COWORKING Mark, and to immediately remove them from public access and view;

5. An order directing that Defendant recall and deliver up to Crescent Communities for destruction or other disposition all advertisements, promotions, signs, displays, and related materials incorporating or bearing the NOVEL® Mark or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the NOVEL® Mark, including, but not limited to, the NOVEL COWORKING Mark;

6. An order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Crescent Communities' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

7.     Actual damages suffered by Crescent Communities as a result of Defendant's unlawful conduct, including a sum up to three times such amount, according to the circumstances of this case, pursuant to 15 U.S.C. § 1117(a);

8.     Reasonable funds for future corrective advertising;

9.     An order directing Defendant account for and pay to Crescent Communities all profits realized by its wrongful acts in accordance with 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Crescent Communities for the compensatory damages caused thereby;

10.     An order enjoining Defendant from all acts unfairly competing with Crescent Communities;

11.     Compensatory and restitutionary relief against Defendant and in favor of Crescent Communities, including Crescent Communities' actual damages and disgorgement of Defendant's wrongfully obtained profits and any other appropriate relief to be enhanced as compensatory damages to Crescent Communities and multiplied at least three times and punitive damages under N.C. Gen. § 1D-1, *et seq.*;

12.     An award of interest to Crescent Communities, including pre-judgment and post-judgment interest, on the foregoing sums;

13.     An award of Crescent Communities reasonable attorney fees and costs pursuant to 15 U.S.C. § 1117(a) and N.C. Gen. §§ 75-16 and 75-16.1;

14.     An order invalidating U.S. Registration No. 5597200 and cancelling the registered extension of protection pursuant to 15 U.S.C. § 1119 in its entirety; and

15.     Such other relief as the Court deems just and equitable.

This 30th day of September 2019.

Respectfully submitted,

TROUTMAN SANDERS LLP

By: s/Kiran H. Mehta
Kiran H. Mehta
North Carolina Bar No. 11011
TROUTMAN SANDERS LLP
301 S. College Street, Suite 3400
Charlotte, NC  28202
Tel: (704) 998-4050
Fax: (704) 998-4051
kiran.mehta@troutman.com

Michael D. Hobbs Jr. (pro hac pending)
Georgia Bar No. 358160
John M. Bowler (pro hac pending)
Georgia Bar No. 071770
Kaitlyn A. Haase (pro hac pending)
Georgia Bar No. 431935

TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, Georgia 30308-2216
Tel: (404) 885-3000
trademarks@troutman.com
michael.hobbs@troutman.com
john.bowler@troutman.com
kaitlyn.haase@troutman.com

*Attorneys for Plaintiff Crescent Communities, LLC*