# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### CIVIL ACTION NO.  3:19-CV-487-FDW-DCK

| | |
|---|---|
| **CRESCENT COMMUNITIES, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **LEVEL OFFICE MANAGEMENT, LLC** | ) |
| **d/b/a NOVEL COWORKING,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>STIPULATION AND ORDER OF CONFIDENTIALITY</u>

Plaintiff Crescent Communities, LLC ("Plaintiff") and Defendant Level Office Management, LLC d/b/a Novel Coworking ("Defendant") presented the foregoing Stipulation and Order of Confidentiality (the "Order") to the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on October 21, 2020.  Nothing in this Stipulation is intended to override or replace, or does override or replace, the procedures and requirements set forth in Rule 6.1 of the Local Civil Rules for the U.S. District Court for the Western District of North Carolina governing "Sealed Filings and Public Access."  The parties shall comply with LCvR 6.1 governing materials filed with the Court.

The Court, after considering the Stipulation, is of the opinion that the Stipulation should be granted.  It is therefore ORDERED, ADJUDGED, and DECREED as follows:

This Order is applicable to Plaintiff and Defendant for the sole purpose of facilitating discovery in the above-styled numbered cause (the "action").  It is expressly ordered that the Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing,

or referred to in any trial or any hearing on the merits of this case, save and except a hearing which involves issues related to the enforcement of any provision of this Order.

## I. DESIGNATION OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION

**A.** **Confidential Information**. Any party shall have the right to designate as "CONFIDENTIAL" only any information, document, or thing that is produced in this action and that the party believes in good faith constitutes, contains, embodies, or reflects the party's trade secrets or other non-public and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest. Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as CONFIDENTIAL may also be designated as CONFIDENTIAL. Materials designated as CONFIDENTIAL shall not include any information, document, or thing that:

1. at the time of the disclosure hereunder is available to the public; or

2. after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party.

**B.** **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY Information**. In only those rare instances in which it is truly justified, any party shall have the right to designate as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" any information, document, or thing that is produced in this action and that the party believes in good faith both (a) constitutes, contains, embodies, or reflects CONFIDENTIAL information, as described above, and (b) is especially sensitive information such that additional protections are warranted to protect against competitive, commercial, or other harm—*i.e.*, when the disclosing party has a real expectation and

2

entitlement to confidentiality under the law that has been preserved and not waived, and the producing party has no other effective alternative to designating the information as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Documents designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall be identified in production separately from those designated as CONFIDENTIAL. Copies or excerpts of information contained within, or summaries, notes, or charts containing any information from, a document or thing designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY may also be designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY. Materials designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not include any information, document, or thing that:

1. at the time of the disclosure hereunder is available to the public; or

2. after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

3. the receiving party can show: (a) was already known to the receiving party and not subject to a separate confidentiality agreement; (b) was developed by the receiving party; or (c) was received by the receiving party from a non-party having the right to make such a disclosure on a non-confidential basis.

**C.** **Manner of Designation**.

1. **Mass Designations Prohibited**. Each party must take care to limit its designations to specific material that qualifies as CONFIDENTIAL or HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY under the terms of this Order. Mass, indiscriminate, or routine designations are prohibited.

2. **Documents and Things.** A party may designate as CONFIDENTIAL documents or things that it is producing by affixing thereon the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL." A party may designate as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY documents or things that it is producing by affixing thereon the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," "HIGHLY CONFIDENTIAL – OCO," or "HIGHLY CONFIDENTIAL." Where the designating party is the party producing protected material, the designating party shall make such designations at the time the designated document or information is provided to the receiving party. Notwithstanding this provision, all documents, information, or things that the designating party makes available for inspection, as opposed to producing, shall be presumed to contain HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information, regardless of whether the document, information, or thing is marked with any of the legends described above.

3. **Depositions**. Any party may designate certain topics of the deponent's testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY. If such designation is made, then the designating party shall have the right to exclude from the designated portions of the deposition, prior to the taking of the designated testimony, all persons not permitted to access CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, as the case may be, under the terms of this Order. Regardless of whether any topics are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, any party may designate information disclosed during the deposition as

CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY by requesting that the reporter so designate the transcript or any portion thereof. Regardless of whether any such designation is made, any party may designate information disclosed during the deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY by providing written notice of the designation to all counsel of record within thirty (30) days after the designating party receives the final deposition transcript unless the parties agree in writing to a shorter time period in order to meet case deadlines. Pending the expiration of the thirty (30) day period, the entirety of the deposition transcript and all information therein shall be presumed to contain HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information. If no portions of the transcript are designated within the thirty (30) day period, the transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the appropriate confidentiality legend within said thirty (30) days.

      **D.    Documents, Things, and Information Produced by Non-Parties**. Any party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY any documents or things produced by a non-party in this action that contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY of the party by providing written notice to of the designation to all counsel of record and to counsel for the disclosing non-party within thirty (30) days after the designating party receives the produced document or thing. If no party designates the document or thing as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY within the thirty (30) day period, and if the disclosing non-party

has not designated the document or thing as CONFIDENTIAL or HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL ONLY, then the document or thing shall be considered not to contain any
CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information.
Any party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE
COUNSEL ONLY any deposition testimony or other information produced by a non-party in this
action that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL
ONLY of the party by providing written notice of the designation to all counsel of record and to
counsel for the disclosing party within thirty (30) days after the party receives the final deposition
transcript.  Pending the expiration of the thirty (30) day period, the entirety of the deposition
transcript and all information therein shall be presumed to contain HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL ONLY information.  If no portions of the transcript are designated within
the thirty (30) day period, and if the disclosing non-party has not designated the document or thing
as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, then the
transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL
– OUTSIDE COUNSEL ONLY information.

## II.    RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS

A.    **Generally**.  No information, documents or things identified as CONFIDENTIAL
or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY under the terms of this Order shall
be disclosed to any person or entity except as set forth in this Order.  Such information shall be
held in confidence by each person or entity to whom it is disclosed, shall not be disclosed to any
person or entity who is not entitled to receive such information under this Order, and shall be used
by the recipient only for purposes of preparation and trial of this action and no other purpose.  All

such information shall be carefully maintained so as to preclude access by persons or entities who are not entitled to receive such information.

      **B.**    **Confidential Information**.  Subject to Paragraph II(D) of this Order, information, documents, and things designated as CONFIDENTIAL may be provided, shown, made available, or communicated only to the following persons:

    1.    Outside counsel for the receiving party, including the law firms, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such attorneys;

    2.    Employees, agents, or representatives of a party with whom that party's counsel may deem it necessary to consult for the preparation of trial of this case, provided that no access shall be given until each such individual has executed a written agreement to be bound by the terms of this Order in the form attached hereto as Exhibit A;

    3.    Independent experts and consultants, and employees and assistants working under the direct supervision and control of such experts or consultants, who have been retained by any party to assist in the preparation or trial of this action or to consult on this case; provided, however, that disclosure of CONFIDENTIAL information shall be limited to the extent necessary to perform such work, and no such information may be disclosed until after the independent expert or consultant has executed a written agreement to be bound by the terms of this Order in the form attached hereto as Exhibit A.

Independent experts or consultants, as used in this Paragraph, shall not include any employee or agent of the receiving party, nor any employee or agent of a direct competitor of the designating party;

4.    Court reporters performing services in connection with this action;

5.    The Court or its staff in connection with the Court's administration and adjudication of this action; and

6.    Outside vendors engaged to perform litigation services in this action, including, but not limited to, computer database preparation, document coding, image scanning, photocopying, mock trial, jury profiling, translation, or exhibit preparation; provided, however, that disclosure of CONFIDENTIAL information shall be limited to the extent necessary to perform such work.

**C.    Highly Confidential Information**.  Subject to Paragraph II(D) of this Order, information, documents, and things designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY may be provided, shown, made available, or communicated only to the persons identified in Paragraphs II(B)(1) and (3)–(6).

**D.    Exceptions**.    The designation of any document, thing, or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not preclude any party from showing the document or thing to any person:  (a) who appears as an author or as an addressee on the face of the document;  (b) who admits to or has been identified by the designating party as previously having been provided with the document, thing, or

8

information;  or (c) who participated in any meeting or communication to which the document, thing, or information pertains.

       **E.**    **Use in Court or Depositions**.  In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY documents, things, or information are used in any court proceeding or deposition in connection with this action, it shall not lose its status as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.  The parties shall follow the procedures outlined in Section III *infra* regarding the use of designated materials in support of a pleading, or at a hearing, trial or other proceeding.

## III.    <u>USE OF AND FILING OF DESIGNATED MATERIALS</u>

       Any documents (including pleadings or briefs), tangible things, or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial must be made in accordance with the motion to seal procedures set forth in Local Civil Rule 6.1.

## IV.    <u>CANCELLATION OR DOWNGRADING OF DESIGNATION</u>

       A party may object to the designation of documents, things, or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, and request that the designating party remove the designation or downgrade a HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY designation to a CONFIDENTIAL designation.  Such objections and requests shall be by written notice to counsel for the designating party, and objections to

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY designations must be raised within ten (10) business days after production of the designated document, thing, or information. The written objection shall particularly identify the material or information that the receiving party seeks to have de-designated or re-designated.  If the dispute cannot be resolved by the parties within seven (7) days after the objection is made, then the matter may be presented to the Court for resolution; provided, however, that during this seven (7) day period the parties shall meet and confer telephonically, and otherwise as required by Rule 26(c)(1) before presenting the matter to the Court.  If the parties are unable to resolve an objection through the meet and confer process, then the parties shall, within seven (7) days after reaching an impasse, submit to the Court a joint motion setting forth each document to which the designation is objected.  The joint motion shall separately identify each document at issue, and set forth the arguments of each party regarding the designation of the particular document.   The party seeking to retain the HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY has the burden of persuasion under Federal Rule of Civil Procedure 26(c) and must demonstrate for each document the justification for the restriction, including by identifying the specific legal basis for the claim of confidentiality, and by showing that the strict criteria for imposition of the designation have been satisfied and that less-restrictive alternatives will not provide adequate protection.  The party seeking disclosure must set forth the purported need for access, the prejudice that would result from non-disclosure, and any mitigating factors that outweigh the risks inherent in disclosure.  In the event that a joint motion is filed, then the party seeking to retain the HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY designation shall bear the burden of persuasion under Rule 26(c).  Pending the Court's determination of any dispute contesting a designation of CONFIDENTIAL or HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL ONLY information, the material shall be treated in accordance with its original designation.

## V.     NOTICE

All notices required by this Order are to be served via e-mail to counsel of record at Troutman Pepper Hamilton Sanders LLP or Trego, Hines & Ladenheim, PLLC.  Such notices shall be deemed effective as of the date on which the email was sent, provided that the notice contains all information required under the terms of this Order.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

## VI.   DISPOSITION OF DESIGNATED MATERIALS AT END OF THE CASE

**A.     Survival of Obligations**.  The termination of this action shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

**B.     Court Records**.  With respect to any documents or things that have been filed with the Court under the provisions of Paragraph III, upon termination of this action, the parties recognize that the ultimate disposition of any such documents or things, including all copies or summaries of, or excerpts from, such documents which may have been made, shall be as directed by the Court.  The parties shall not oppose efforts to show good cause to maintain such materials and documents as sealed or to remove such materials and documents from the Court record.

**C.     Return or Destruction**.  Except as otherwise provided below, within sixty (60) days after the final adjudication of this action, including appeals or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (a) assemble and return all information, documents, and things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, including

all copies, summaries, excerpts, charts or notes thereof, to the party or person from whom the designated information was obtained; or (b) certify in writing that all such information and material has been destroyed. Outside counsel for the parties to this action may retain copies of pleadings containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information, and attorney work product documents incorporating such material, provided that such pleadings and documents will be held for their internal use only, subject to the continuing obligations imposed by this Order. A party need not destroy or discard documents that it designated as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information. A party to this action that has disclosed CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information to those persons or entities permitted to access such information under Paragraphs II(B)(1)–(4), or (6), or II(C), is responsible for either (a) obtaining all documents or things containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information, including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this Paragraph; or (b) obtaining written certification from those persons or entities that all such information and material has been destroyed.

## VII.  <u>AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT</u>

This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any non-party subject to discovery in this action, or any party or individual who agrees to be bound by the terms of this Order, to move for relief from any of its

provisions, or different or additional protection for any particular information, documents or things.

## VIII.  OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion, discovery request, or subpoena to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion, discovery request, or subpoena so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.  Notwithstanding any provision in this Order, any person or party subject to an order of any court to disclose another party's information designated as confidential pursuant to this Order may comply with said court order.

## IX.  GENERAL PROVISIONS RELATED TO CONFIDENTIALITY

**A.  Applicability to Non-Parties**.  The existence of this Order shall be disclosed to any non-party producing documents, things, or information in this action who may reasonably be expected to desire CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY treatment for such documents, things, or information.  Any such non-party may designate documents, things, or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY pursuant to this Order, and the protections of this Order shall be construed to apply equally to such designating non-parties.

**B.  No Implied Admissions**.  The designation of information, documents, or things as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY pursuant to

this Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a party to this action of information, documents, or things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY constitute a concession that the information, documents, or things are confidential.

      **C.**    **No Duty to Produce Privileged Materials**. Nothing in this Order shall be construed to require the disclosure of information, documents, or things that the designating party contends is protected from disclosure by an applicable privilege. If a party seeks to withhold the disclosure of information, documents, or things on the ground that it would breach an agreement with a non-party to maintain such information, documents, or things in confidence, the party seeking to withhold such information shall seasonably provide written notice to counsel for the requesting party. The written notice shall particularly identify the agreement with the non-party pursuant to which the information, documents, or things are being withheld, and a sufficient description of the information, documents, or things being withheld to enable the requesting party to assess the propriety of the agreement and/or the decision to withhold such information, documents, or things. If the parties are unable to resolve any dispute relating to withholding such information, documents, or things pursuant to such agreement with a non-party within seven (7) days after written notice has been provided in accordance with this Paragraph, then the requesting party may present the dispute to the Court for resolution. Pending the Court's determination of any such dispute, the information, documents, or things need not be produced. Nothing in this Order precludes any party to this action from moving the Court for an order directing the disclosure of any withheld information, documents, or things.

**D. No Bar to Legal Advice**. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice with respect to this action and, in the course thereof, from generally referring to or relying upon the attorney's examination or receipt of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY information. In rendering such advice or in otherwise communicating, the attorney shall not disclose the specific content of any information, document, or thing designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, unless such disclosure is otherwise permitted under the terms of this Order.

**E. No Waiver of Confidentiality**. The inadvertent or unintentional disclosure by a party of information, documents, or things that it believes should have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, regardless of whether the information, documents, or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of any party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a party inadvertently or unintentionally produces or provides discovery of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY without designating it as such, the party or non-party may give written notice to the receiving parties that the information or material is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, and should be treated in accordance with the provisions of this Order. The receiving parties must treat such information or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, as the case may be, from the date on which notice is received. Disclosure of such information or material,

prior to receipt of such notice, to persons not authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, and must be treated in accordance with this Order.

        **F.    No Waiver of Privilege**.  Pursuant and subject to the provisions of Federal Rule of Evidence 502(b), the inadvertent or unintentional production of discovery that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges.  A party may request the return of any Inadvertently Produced Privileged Material.  A request for the return of any Inadvertently Produced Privileged Material shall identify the discovery inadvertently or unintentionally produced, and the basis for withholding such discovery from production.  Consistent with the provisions of NC RPC 4.4(b), if counsel for a receiving party knows or reasonably should know that discovery may have been inadvertently or unintentionally produced, counsel for the receiving party it shall promptly notify the disclosing party.  If a party, pursuant to this Paragraph, requests the return of any Inadvertently Produced Privileged Material, the receiving parties shall not use or disclose, and shall immediately cease any prior use of, such material, and shall return to the party the Inadvertently Produced Privileged Material or confirm that the Inadvertently Produced Privileged Material has been destroyed.  In either case, the receiving party shall destroy all copies the Inadvertently Produced Privileged Material, except that the receiving party may retain and use such material for the limited purpose of challenging in court the request for the return of the material.  If such a challenge is

denied, the receiving party must immediately return to the disclosing party the Inadvertently Produced Privileged Material or confirm that the Inadvertently Produced Privileged Material has been destroyed, and in either case, destroy all copies thereof. The return or destruction of any Inadvertently Produced Privileged Material shall not in any way preclude the receiving party from moving the Court for an order that: (i) the discovery was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived on some basis beyond the inadvertent disclosure.

       **G.**    **Computation of Time**. All time periods in this Order shall be determined pursuant to Fed. R. Civ. P. 6.

       **H.**    **Continuing Jurisdiction**. This Order shall survive the final adjudication of this litigation (including any appellate proceedings), with the Court retaining jurisdiction to enforce the provisions thereof, to the extent information or material so designated remains CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, as defined in Paragraph I.

## X.   PRODUCTION OF ELECTRONICALLY STORED INFORMATION:

The parties agree that all electronically stored information will be produced in Portable Document Format (PDF) or Native Format. Metadata need not be included in the original production (unless expressly requested), but the parties reserve their rights to seek natives or to seek to review originals of any document. The parties may produce electronically stored information either on disks or through FTP (or equivalent) transfer.

**SO ORDERED**.

Signed: October 23, 2020

David C. Keesler
United States Magistrate Judge

ENTRY OF THIS ORDER REQUESTED BY:

TROUTMAN PEPPER HAMILTON
SANDERS LLP

TREGO, HINES & LADENHEIM, PLLC

By: _/s/ John M. Bowler_____

Kiran H. Mehta
N.C. Bar No. 11011
kiran.mehta@troutman.com
301 S. College Street
Suite 3400
Charlotte, NC 28202
704-988-4050 (Telephone)
704-998-4051 (Fax)

John M. Bowler
Georgia Bar No. 071770
john.bowler@troutman.com
Michael D. Hobbs, Jr.
Georgia Bar No. 358160
michael.hobbs@troutman.com
Lindsay Mitchell Henner
Georgia Bar No. 272310
Bank of America Plaza
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308-2216
404-885-3000 (Tel.)
404-885-3900 (Fax)

By: _/s/ Matthew J. Ladenheim_____

Matthew J. Ladenheim
N.C. Bar No. 29309
mjl@thlip.com
10224 Hickory Hill Avenue
Suite 202
Huntersville, NC 28078
704-599-8911 (Tel.)
704-464-1084 (Fax)

COUNSEL FOR DEFENDANT

COUNSEL FOR PLAINTIFF

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.  3:19-CV-487-FDW-DCK**

| | |
|---|---|
| **CRESCENT COMMUNITIES, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **-vs.-** | ) |
| | ) |
| **LEVEL OFFICE MANAGEMENT, LLC** | ) |
| **d/b/a NOVEL COWORKING,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**
**AS TO CONFIDENTIAL INFORMATION**

I, _____, declare as follows:

1.      My present employer and the address of my present employer is

_____.

2.      My present occupation or job description is _____.

My job title is _____.

3.      I have received a copy of the Protective Order in this action.

4.      I have carefully read and understand the provisions of the Protective Order.

5.      I agree to be bound by the terms of the Protective Order.

6.      I will hold in confidence, will not disclose to anyone not qualified under the

Protective Order, and will use only for the purposes of this action, any CONFIDENTIAL

information, documents, and things that are disclosed to me.

7.    In accordance with Paragraph VI(C) of the Protective Order, within sixty (60) days after the final adjudication of this action, including appeals or resolution through settlement, I will return to outside counsel for the party by whom I am employed or retained all CONFIDENTIAL information, documents, and things that come into my possession, and documents or things that I have prepared relating thereto.  Alternatively, I will provide to outside counsel for the party by whom I am employed or retained a written certification that all such information and documents or things have been destroyed.

8.    For so long as any CONFIDENTIAL information, documents, or things are in my possession, I will maintain such information, documents, or things in a secure manner and make other reasonable efforts to preclude access by persons or entities who are not entitled to receive such information.

9.    I hereby submit myself to the jurisdiction of the U.S. District Court for the Western District of Georgia for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____        Signed: _____

2